UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MOORE                                          CIVIL ACTION

VERSUS                                                 NO: 08-3913

RODNEY J. STRAIN, JR., INDIVIDUALLY                    SECTION: "A"(2)
AND AS ST. TAMMANY PARISH SHERIFF

### Order and Reasons

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 15)** filed by the Defendant, Rodney J. Strain, Jr., ("Sheriff Strain"). Plaintiff, Michael Moore, opposes the motion. The motion, originally set for hearing on May 27, 2009, is before the Court on the briefs without oral argument. For the reasons that follow, the **Motion for Summary Judgment (Rec. Doc. 15)** is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit concerns various employment-related claims by the Plaintiff, Michael Moore, against his former employer, Sheriff Strain. According to the complaint, Moore was hired as a deputy sheriff for the St. Tammany Parish Sheriff's Office in 1993 and worked as a patrol officer. (Compl. ¶¶ 6-8). Through his employment, Moore was promoted to the rank of Corporal, and his rating by his employer was never less than acceptable. (*Id.*). As a patrol officer, Moore used a patrol cruiser regularly, and its use was governed by a policy & procedures manual that prohibited taking the cruiser outside of the parish for anything other than official business.[1]

According to the Plaintiff, he was called into work during and in the aftermath of Hurricane Katrina in 2005, and his mental condition began to deteriorate. (*Id.* at ¶¶ 8-14). On October 23, 2005, Moore suffered a "mental breakdown" on the job and was evacuated by ambulance (*Id.*). Moore

---

[1] The parties dispute the nature of the policy regarding personal use of the police cruiser and incidents involving Moore, which is discussed in more detail below.

returned to work in November, but suffered a relapse within three (3) days of returning and sought additional medical attention. (*Id.*). The Plaintiff took sick leave and returned to work on December 2, 2005, but again suffered a panic attack and drove his police cruiser to his home in Tangipahoa Parish. (*Id.* at ¶ 16). At this point, supervisors traveled to his home to pick up the patrol cruiser and determine whether Moore had authority to drive it home.

The Plaintiff then requested that his off-time be considered leave pursuant to the Family and Medical Leave Act ("FMLA"), which was granted. The St. Tammany Sheriff's Office also received a certification from a Dr. Baier, who identified Moore's condition as "hyperextensive episode complicated with anxiety state." The Plaintiff attempted once more to return to work in approximately late December or early January,[2] but suffered a relapse and again drove his police cruiser to his home. On January 5, 2006, supervisors traveled to his home to pick up the cruiser and informed the Plaintiff that his employment was terminated effective immediately. The officers cited insubordination and willful disregard of office policy concerning vehicle use. After leaving his employment, Moore worked first as a parts sales manager and later as a police officer in Amite, Louisiana, for both the Amite City Police Department and the Tangipahoa Parish Sheriff's Office.

In November 2006, Moore filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Sheriff Strain discriminated against him based on a violation of the Americans with Disabilities Act ("ADA"). Subsequently, the Plaintiff filed suit on July 11, 2008, alleging discrimination under the ADA, FMLA, La. R.S. § 23:311, *et seq.*, and also a state law abuse of rights. The Plaintiff is seeking damages for physical and mental injuries sustained

---

[2] The Plaintiff's complaint suggests that he returned on January 1, 2006, while the Defendants claim he returned as early as December 26, 2005.

as a result of the discrimination, as well as back pay, benefits, punitive damages, and attorney's fees.

Sheriff Strain moves for summary judgment on the Plaintiff's claims, arguing that Moore has failed to produce sufficient evidence to defeat summary judgment with respect to causes of action under the ADA, FMLA, and state law. (MSJ p. 1-2). With respect to the ADA claim, Sheriff Strain argues that the Plaintiff was not "disabled" under the law in effect, he failed to exhaust administrative remedies, and there was a legitimate, non-pretexual reason for his termination. (*Id.* at p. 6-14). With respect to the FMLA claim, the Defendant argues that it was filed untimely and that the Plaintiff has failed to meet his burden under the *McDonnell Douglas* framework. (*Id.* at 18-23). Finally, Sheriff Strain argues that the Plaintiff's state law claims must fail because federal law typically governs the Louisiana Employment Discrimination Law ("LEDL") and the Plaintiff was an at-will employee with no right to continued employment. (*Id.* at 23-26).

In opposition, with respect to the ADA claim, the Plaintiff argues that Moore's condition does fall within the meaning of disability under the ADA as amended in 2008. (Mem. In Opp. p. 3, 5-6). Further, he argues that the reasons for the termination were mere pretexts as the vehicle policy that is disputed was verbally rescinded after Hurricane Katrina. (*Id.* at 6-7). Finally, Moore contends that he exhausted his administrative remedies by getting a "right to sue" letter from the EEOC on April 10, 2008.[3] (*Id.* at 3).

## II. STANDARD OF REVIEW

### A. *Summary Judgment Standard*

Summary Judgment is appropriate only if "the pleadings, depositions, answers to

---

[3] The Plaintiff cites the attached letter, but it was not included in his opposition filing. However, accepting those facts as true, they are immaterial to the outcome.

interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III. DISCUSSION

### A. ADA Claim

Sheriff Strain advances three independent reasons in his Motion for Summary Judgment regarding the ADA claim. First, he claims that the mental condition from which the Plaintiff suffered–panic attacks and anxiety–fails to fit the definition of "disability" under the law. Second, the Defendant argues that Moore has failed to exhaust administrative remedies before filing suit. Finally, the Defendant argues that he has a legitimate, non-pretextual reason for the termination, namely insubordination and violation of the vehicle use policy. The Plaintiff opposes each of those arguments, which will be discussed in more detail below.

The Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.*, prohibits discrimination against a "qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, *or discharge of employees* . . ." (emphasis added). The purpose of the ADA is to ensure that individuals with disabilities are not denied job related benefits because of the prejudiced attitudes of others. *Deas v. River West, L.P.*, 152 F.3d 471 (5th Cir. 1998). However, a person must be classified as disabled under the statute to receive its protection, and disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. §§ 12102(2)(A).

Under Fifth Circuit jurisprudence, the establishment of a disability is a "threshold requirement" to an ADA claim.[4] *Rogers v. Intl. Marin Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). Under the substantial limitation standard, factors such as the nature and severity of the impairment, its duration, and permanence are considered by the Courts. *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 470 (5th. Cir. 2009). The Fifth Circuit has established that temporary, intermittent injuries are not generally classified as disabilities under the ADA. *Rogers,* 87 F.3d at 755-756; *Evans v. City of Dallas,* 861 F.2d 846, 852-853 (5th Cir. 1988).

The Defendant argues that the Fifth Circuit has continuously declared that similar or even more severe symptoms do not constitute a disability under the ADA.[5] Further, he argues that the Plaintiff

---

[4] To establish a prima facie case of discrimination, the Plaintiff must prove that he is a qualified individual, he is disabled, and that the negative employment action occurred because of the disability. *Holtzclaw v. DSC Communications Corporation*, 255 F.3d 254 (5th Cir. 2001).

[5] *See Hamilton v. Southwestern* Bell Telephone Company, 136 F.3d 1047 (5th Cir. 1998); *Curl v. United Supermarkets, Ltd.*, 179 Fed.Appx. 208 (5th Cir. 2006); *Carter v. Ridge,* 255 Fed.Appx. 826 (5th Cir. 2007); *Arrendondo v. Gulf Bend Center,* 252 Fed.Appx. 627 (5th Cir. 2007).

in this case suffered panic attacks for only a limited duration, and they were not severe enough to substantially limit his employment activities as he remains employed as a police officer.

The Plaintiff responds by arguing that the Defendant's reliance on pre-2009 jurisprudence is misplaced, and that the new ADA amendments are much broader. However, as the Defendant points out, this argument is without merit because the ADA amendments are not retroactive. *See EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 470 (5th. Cir. 2009); *Picard v. St. Tammany Parish Hospital*, 2009 WL 961368 (E.D. La. 2009)(Vance, J.). Beyond this, the Plaintiff offers little evidence to create an issue of fact regarding whether the condition he suffers from, "hyperextensive episode complicated with anxiety state," meets the definition of disability under the ADA.[6] Thus, the Plaintiff's claim does not meet the threshold requirement and must fail.

Further, the Court finds merit in the Defendant's argument that the Plaintiff has failed to exhaust his administrative remedies before filing suit. It is well established that the Plaintiff complies with the exhaustion requirement when he or she files a timely complaint with the EEOC and receives a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-379 (5th Cir. 2002). Here, the Plaintiff has offered no proof of a right to sue letter issued by the EEOC. In his response, the Plaintiff cites an April 10, 2008, right to sue letter but it was not included in his submission. Therefore, the Plaintiff's ADA claim fails on this basis as well.[7]

Finally, there is a dispute between the parties over the basis for the Plaintiff's termination.

---

[6] The Plaintiff has presented no additional evidence regarding the severity, duration, or permanence of the alleged disability. Rather, the record before the Court supports the Defendant's argument that this was a temporary, intermittent injury.

[7] Even if the Court were to assume, for purposes of this motion, that a right to sue letter was issued on April 10, 2008, the Plaintiff nonetheless filed an untimely suit ninety-two (92) days after receipt of the letter.

Although the Court notes that the evidence before it supports a legitimate, non-pretextual reason for termination, there is no need to reach that issue given the discussion above.[8]

### B. FMLA, State Law Claims

The Plaintiff has failed to oppose summary judgment as to the FMLA,[9] LEDL,[10] and abuse of right[11] claims, and further, the Court finds that the motion for summary judgment has merit regarding these claims. Therefore, these claims against the Defendant should be dismissed.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 15)** should be and is hereby **GRANTED**. All claims against the Defendant are dismissed with prejudice.

June 1, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[8] Regarding the Plaintiff's violation of the vehicle use policy, the Defendant presented evidence of violations that predated the time period at issue in this litigation. *See* Def. Statment of Unc. Facts, ¶¶ 4-6.

[9] Aside from the substantive arguments the Defendant advances regarding the basis for termination, it also argues that the FMLA claims is untimely under 29 U.S.C. § 2617(c)(2).

[10] The Louisiana statute tracks that of the ADA, and the discussion above is applicable to the state law claim as well.

[11] The Plaintiff has not proven that he has an interest in continued employment. *See Amedee v. Litchfield*, 673 F.Supp. 783 (M.D. La. 1987); *see generally* La. Civ. Code Art. 2747.